# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION



CHARLENE MCGHEE;                     )
                                     )
    Plaintiff,               )
                                     )
    v.                       )
                                     )
INOVISION, A MARLIN COMPANY,         )
    L.L.C.;                  )
and JBC LEGAL GROUP, P.C.,           )
    a/k/a/ JBC & ASSOCIATES, P.C.,   )
                                     )
    Defendants.              )

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.     Plaintiff brings this action to secure redress against unlawful credit and collection practices engaged in by defendant JBC Legal Group, P.C., also known as JBC & Associates, P.C. ("JBC"), on behalf of defendant InoVision, A Marlin Company, L.L.C. ("InoVision"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.     This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k (FDCPA).

### PARTIES

3.     Plaintiff Charlene McGhee is an individual who resides in Aurora, Illinois.

4.     Defendant JBC is a foreign corporation with offices at 2 Broad Street, 6th floor, Bloomfield, NJ 07003.

1

5.      Defendant JBC regularly collects debts allegedly owed to others. It is a "debt collector" as defined in the FDCPA.

6.      Defendant InoVision is a limited liability company chartered under the law of Delaware with principal offices at 333 Glen Street, Suite 200, Glens Falls, NY 12801.

7.      Defendant InoVision is engaged in the business of purchasing bad debts for a few cents on the dollar and enforcing them against consumers, either directly or through debt collectors such as JBC.

8.      Defendant InoVision and certain related entities own over $9 billion in bad debts, and are one of the largest purchasers of bad debts in the United States.

9.      InoVision is a "debt collector" as defined in the FDCPA.

## FACTS

10.     On or about November 20, 2004, defendant JBC sent plaintiff Charlene McGhee the collection letter attached as Exhibit A, seeking to collect an alleged debt for utility services obtained for personal, family or household use. Plaintiff received it shortly thereafter.

11.     The debt that was the subject of Exhibit A had been purchased by InoVision.

12.     InoVision contracted with JBC to collect the debt.

13.     Exhibit A was sent by JBC as agent of InoVision.

14.     On information and belief, Exhibit A is a standard form letter used by defendant JBC. It has bar coded addresses and return addresses and a form designation.

15.     Exhibit A refers to litigation. It states that JBC will advise "our client that further action against you is warranted," that "we will do all that is allowable under your state's laws to protect our client's interests" and that "we reserve the right . . . to seek all remedies available

2

to insure payment.".

16.     "Action," "all that is allowable under your state's laws," and "remedies," in a letter purporting to come from a law firm, imply litigation to the unsophisticated consumer.

17.     JBC does not file or cause to be filed lawsuits against debtors in Illinois. A computerized search of court dockets discloses no cases filed by either JBC or InoVision.

18.     Exhibit A was sent to plaintiff without any meaningful professional involvement by an attorney.

19.     JBC has represented on the Internet to merchants whose business it is seeking that it is a "collections/ law firm."

20.     JBC has further represented on the Internet that it has collected over $1 billion and that its collection letters are generated by "Computer Aided Auto Strategies."

21.     On information and belief, JBC has approximately 120 employees, of whom less than 5 are attorneys.

22.     JBC has a long history of FDCPA complaints, including at least one action brought by state law enforcement officials, State of West Virginia v. JBC Legal Group, 2:04cv826 (S.D.W.Va.), filed August 5, 2004.

23.     InoVision knew or reasonably should have known that JBC would engage in improper collection practices and should have inquired as to what representations JBC was making on its behalf.

24.     Had InoVision reviewed the collection letters sent on its behalf by JBC, it would have been apparent that JBC was sending "attorney letters" without attorney involvement and threatening lawsuits that would not be brought.

3

25.     InoVision is liable for FDCPA violations committed by its agent, JBC.

## COUNT I – FDCPA   –   FALSE THREAT OF LITIGATION

26.     Plaintiff incorporates ¶¶1-25.

27.     Exhibit A threatens litigation without the intent or realistic possibility of litigation.

28.     As a result, Exhibit A is  false and misleading, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(10), 1692f, and 1692f(1).

## CLASS ALLEGATIONS

29.     Plaintiff brings this claim on behalf of a class.  The class consists of (a) all natural persons in Illinois (b) who were sent a letter in the form represented by Exhibit A,(c) seeking to collect a debt  owned by InoVision, (d) where the letter was sent on or after a date one year prior to the filing of this action, and on or before a date 20 days following the filing of this action.

30.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

31.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether JBC letters referring to litigation are  false and misleading because there is actually no likelihood of litigation.

32.     Plaintiff's claims are typical of the claims of the class members.  All are based on the same factual and legal theories.

33.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse

4

cases.

34.     A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.      Statutory damages;

b.      Actual damages in favor of anyone from whom defendant collected more than the face amount of the check without an adjudication;

c.      Attorney's fees, litigation expenses and costs of suit;

d.      Such other or further relief as the Court deems proper.

## COUNT II – FDCPA – LACK OF ATTORNEY INVOLVEMENT

35.     Plaintiff incorporates ¶¶1-25.

36.     Exhibit A  was sent without meaningful professional involvement by an attorney.

37.     As a result, Exhibit A falsely purports to come from an attorney, in violation of 15 U.S.C. §§1692e, 1692e(2), 1692e(3) and 1692e(10).

## CLASS ALLEGATIONS

38.     Plaintiff brings this claim on behalf of a class.  The class consists of (a) all natural persons in Illinois (b) who were sent a letter in the form represented by Exhibit A (c) seeking to collect a debt owned by InoVision, (d) which letter was sent on or after a date one year prior to the filing of this action, and on or before a date 20 days following the filing of this action.

39.     The class is so numerous that joinder is impracticable.  On information and

39.     The class is so numerous that joinder is impracticable.  On information and belief, there are more than 50 members of the class.

40.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether there is any meaningful professional involvement by an attorney before a letter in the form of   Exhibit A is sent.

41.     Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

42.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

43.     A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendants for:

a.     Statutory damages;

b.     Attorney's fees, litigation expenses and costs of suit;

c.     Such other or further relief as the Court deems proper.

_____
Daniel A. Edelman

6

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
     & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

### JURY DEMAND

Plaintiff demands trial by jury.

_____
Daniel A. Edelman

I:\case\inovision-jbc13.697\pleading\cmplt.wpd

7

# EXHIBIT A

Jack H. Boyajian*
Marv Brandon**

Of Counsel:
Karen Nations***
Karen Wachs****
*Member of CA Bar
**Member of FL, NJ, & NY Bars
***Member of NJ, NY, DC, & KS Bars
****Member of NJ, & PA Bars

# JBC LEGAL GROUP, P.C.

*Attorneys at Law*

A California Professional Corporation
2 Broad Street 6th Floor - Bloomfield NJ 07003-2550
Telephone: (800) 241-1510  Fax: (973) 259-0497

November 20, 2004

NY Office
11 Penn Plaza 5th Floor
New York NY 10001

CA Office
9465 Wilshire Blvd Suite 335
Beverly Hills CA 90212

**Re: COMMONWEALTH EDISON**
Purchased by InoVision, A Marlin Company, LLC.                    **Service Address:   321 Oldindiantrl**
Our File No.: JW9024
Balance Due: $92.92

Dear Charlene Mcghee:

You have obviously chosen to ignore our previous communication demanding that you resolve the outstanding indebtedness to Commonwealth Edison for utility services delivered and for which payment has not been made. Our client, InoVision, A Marlin Company, LLC., has purchased your account from said utility company. All inquiries regarding this account should be addressed to our office and not to the utility company, as they may have no readily available information based on the sale of this account.

Your failure to contact this office and make proper payment arrangements leaves us no choice but to proceed with advising our client that further action against you is warranted. Rest assured that we will do all that is allowable under your state's laws to protect our client's interests. Therefore, unless we receive immediate payment of $92.92 we reserve the right, on behalf of our client, to seek all remedies available to ensure payment.

If you need further instructions, you may contact our office at 800-307-3498 between the hours of 8:00 a.m. - 8:30 p.m. (Monday through Thursday), 8:00 a.m. - 5:30 p.m. (Friday), or 8:00 a.m. - 4:30 p.m. (Saturday). You may use your American Express, Discover, MasterCard or Visa credit card to meet this obligation by contacting us or completing and returning the lower portion of this letter.

Be guided accordingly.

Very truly yours,
**JBC & ASSOCIATES, P.C.**
*Attorneys at Law*

This is an attempt to collect a debt by a debt collector. Any information obtained will be used for that purpose.

---

***Detach Lower Portion And Return With Payment***                                    CSDJBCA01F2

JBC Legal Group, P.C.
Attorneys at Law
2 Broad Street 6th Floor
Bloomfield NJ 07003-2550

**ADDRESS SERVICE REQUESTED**

November 20, 2004

#BWNHRMD   697878   13674
#1120 0544 0013 6743#   JW9024-U2

Charlene Mcghee
480 Garfield Ave
Aurora IL 60506-5096

| IF PAYING BY CREDIT CARD, FILL OUT BELOW | | |
|---|---|---|
| CIRCLE CARD USING FOR PAYMENT | | |
| CARD NUMBER | | AMOUNT |
| SIGNATURE | | EXP. DATE |
| PHONE NUMBER (REQUIRED) | | |

JBC Legal Group, P.C.
*Attorneys at Law*
2 Broad Street 6th Floor
Bloomfield NJ 07003-2550

File #:  JW9024



#1

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## <u>Civil Cover Sheet</u>   05C   0048

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use <u>only</u> in the Northern District of Illinois.

**DOCKETED JAN 0 5 2005**

---

**Plaintiff(s): CHARLENE MCGHEE**

County of Residence: KANE

Plaintiff's Atty:   Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin, LLC
120 S. LaSalle Street, 18th Floor, Chicago, IL 60603
(312) 739-4200

**Defendant(s):INOVISION, A MARLIN COMPANY, L.L.C.; and JBC LEGAL GROUP, P.C., a/k/a JBC & ASSOCIATES, P.C.**

County of Residence:

Defendant's Atty:

*U.S. DISTRICT COURT CLERK 05 JAN -4 PM 4:24 FILED FOR DOCKETING*

---

II. <u>Basis of Jurisdiction</u>:     **3. Federal Question (U.S. not a party)**

III. <u>Citizenship of Principal Parties</u> (Diversity Cases Only)
          Plaintiff:-N/A
          Defendant:-N/A

**JUDGE HOLDERMAN**

**MAGISTRATE JUDGE GERALDINE SOAT BROWN**

IV. <u>Origin</u> :           **1. Original Proceeding**

V. <u>Nature of Suit</u>:           **890 Other Statutory Actions**

VI. <u>Cause of Action</u>:       **Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. seq. 1692 et seq. ("FDCPA").**

VII. <u>Requested in Complaint</u>
          Class Action: **Yes**
          Dollar Demand:
          Jury Demand: **Yes**

VIII. This case <u>**IS NOT**</u> a refiling of a previously dismissed case.

---

1-4-05       X Daniel A. Edelman       1-2

# UNITED STATES DISTRICT COURT for the NORTHERN DISTRICT OF ILLINOIS

In the Matter of:

**DOCKETED**

CHARLENE MCGHEE v. INOVISION, A MARLIN COMPANY, L.L.C.; and JBC LEGAL GROUP, P.C. a/k/a JBC & ASSOCIATES, P.C.

JAN 0 5 2005

**JUDGE HOLDERMAN**

Case Number:

**05C 0048**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR: **PLAINTIFF**

CHARLENE MCGHEE

MAGISTRATE JUDGE

**GERALDINE SOAT BROWN**

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME  Daniel A. Edelman | NAME  Cathleen M. Combs |
| FIRM  Edelman, Combs & Latturner, LLC | FIRM  Edelman, Combs & Latturner, LLC |
| STREET ADDRESS  120 S. LaSalle Street, 18th Floor | STREET ADDRESS  120 S. LaSalle Street, 18th Floor |
| CITY/STATE/ZIP  Chicago, Illinois 60603 | CITY/STATE/ZIP  Chicago, Illinois 60603 |
| TELEPHONE NUMBER  (312) 739-4200 | TELEPHONE NUMBER  (312) 739-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 00712094 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 00472840 |
| MEMBER OF TRIAL BAR?  YES [X]  NO [ ] | MEMBER OF TRIAL BAR?  YES [X]  NO [ ] |
| TRIAL ATTORNEY?  YES [X]  NO [ ] | TRIAL ATTORNEY?  YES [X]  NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL?  YES [ ]  NO [X] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME  James O. Latturner | NAME  Thomas E. Soule |
| FIRM  Edelman, Combs & Latturner, LLC | FIRM  Edelman, Combs & Latturner, LLC |
| STREET ADDRESS  120 S. LaSalle Street, 18th Floor | STREET ADDRESS  120 S. LaSalle Street, 18th |
| CITY/STATE/ZIP  Chicago, Illinois 60603 | CITY/STATE/ZIP  Chicago, Illinois 60603 |
| TELEPHONE NUMBER  (312) 739-4200 | TELEPHONE NUMBER  (312) 739-4200 |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 01588095 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 90785700 |
| MEMBER OF TRIAL BAR?  YES [X]  NO [ ] | MEMBER OF TRIAL BAR?  YES [ ]  NO [X] |
| TRIAL ATTORNEY?  YES [X]  NO [ ] | TRIAL ATTORNEY?  YES [ ]  NO [X] |
| DESIGNATED AS LOCAL COUNSEL?  YES [ ]  NO [X] | DESIGNATED AS LOCAL  YES [ ]  NO [X] |

1-3